Coventry Hills, Inc., Appellant, *v.* Philadelphia Tax Review Board.

Argued January 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James L. Price,* with him *Steinberg, Greenstein, Richman & Price,* for appellant.

*Levy Anderson,* First Deputy City Solicitor, with him *Nicholas M. D'Alessandro,* Assistant City Solicitor, *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

This appeal involves the validity of an assessment under the Philadelphia Mercantile License Tax. In 1967 the City of Philadelphia imposed assessments against appellant for rental payments received during the years 1963 to 1967. Appellant appealed to the Tax Review Board and the Court of Common Pleas, both of which sustained the City's action. This appeal followed. We affirm.

Appellant corporation is subject to Philadelphia's Mercantile Tax if it was "carrying on . . . business." Philadelphia Code §19-1001. The evidence shows that appellant built and owns a fifty-six unit apartment house in Philadelphia. The corporation has one employee, a superintendent or janitor, who lives on the premises, cuts the grass, shovels the snow, cleans the halls and does minor maintenance. There is no door-

man or telephone switchboard. The corporation pays a rental agent to collect the rents and show the apartments to potential tenants.

Appellant corporation urges that it is exempt from the mercantile tax under our decision in *Price v. Tax Review Board,* 409 Pa. 479, 187 A. 2d 280 (1963). As later cases have made clear, however, *Price* is to be strictly limited to its facts. For example, one year after *Price* we decided *Tax Review Board v. Brine Corp.,* 414 Pa. 488, 200 A. 2d 883 (1964), in which we held the mercantile tax applicable to a corporation which owned eleven properties, but did not provide any services to the tenants and did not manage any of the properties. Then in *Kungsgaten, Inc. v. Philadelphia,* 422 Pa. 209, 220 A. 2d 803 (1966), we upheld the mercantile tax as applied to a corporation which owned only one apartment house, and merely leased the building to another corporation. Cf. *Sun Oil Co. v. Tax Review Board,* 417 Pa. 443, 207 A. 2d 855 (1965) (upholding mercantile tax applied to dividend income from common stock).

The taxpayers in *Price* were "fortuitous owners merely conserving their property." *Tax Review Board v. Weiner,* 211 Pa. Superior Ct. 229, 237, 235 A. 2d 184, 188 (1967). But the taxpayer here, like those in *Brine* and *Kungsgaten,* is not such an owner. Appellant corporation was organized to build the apartment house involved here, the present stockholders having purchased their stock after construction was completed. This corporation, therefore, can hardly claim to be a "fortuitous owner" conserving its property. Rather, it is a corporation engaged in business, and, as such, is subject to the mercantile tax.

The order of the Court of Common Pleas of Philadelphia County is affirmed.