City of Philadelphia Tax Review Board *v.* Adams Avenue Associates, a Partnership. Adams Avenue Associates, Appellant.

City of Philadelphia Tax Review Board *v.* Spruce Hill Court Apartments, Appellant.

City of Philadelphia Tax Review Board v. Manuel Meyers et al., t/a Ri-Sun Industrial Park, Appellants.

City of Philadelphia Tax Review Board *v.* Erie Associates, a Partnership. Erie Associates, Appellant.

Argued April 7, 1976, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Dennis L. Cohen,* with him *Joseph E. Murphy,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellants.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *Albert J. Persichetti,* Deputy in Charge of Enforcement, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, July 1, 1976:

The taxability of general and limited partnerships under the Philadelphia Net Profits Tax Ordinance, The Philadelphia Code §19-1500 et seq. (1973), and its Merchantile License Tax Ordinance, The Philadelphia Code §19-1000 et seq. (1973), are the subjects of these consolidated appeals from the court below which sustained the Philadelphia Tax Review Board in finding appellants subject to the payment of both taxes.

Two of the appellants are general partnerships,[1] two are limited partnerships[2] and all own real estate in the City of Philadelphia for the production of income. Both limited partnerships manage and operate their respective properties, while the general partnerships, because of the terms of the leases entered into with their respective lessees, are represented as the recipients of "passive income", which postures a subsidiary issue as to these appeals.

The enabling legislation by which the City asserts its power and authority to impose the taxes in question is the Act of August 5, 1932, Ex. Sess., P.L. 45, *as amended,* 53 P.S. §15971 et seq. (commonly and hereinafter referred to as the Sterling Act). Section 1(a) of the Sterling Act authorizes cities of the first

---

[1] Adams Avenue Associates and Erie Associates.

[2] Spruce Hill Court Apartments and Ri-Sun Industrial Park.

class by ordinance, for general revenue purposes, "to levy, assess and collect, or provide for the levying, assessment and collection of, such taxes on persons, transactions, occupations, privileges, subjects and personal property . . . as it shall determine, except that such council shall not have authority to levy, assess and collect . . . any tax on a privilege, transaction, subject or occupation, or on personal property, which is now or may hereafter become subject to a State tax or license fee. . . . It is the intention of this section to confer upon cities of the first class the power to levy, assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax but which it does not . . . tax . . . ." 53 P.S. §15971(a).

The Philadelphia Net Profits Tax is imposed upon the net profits earned in businesses, professions or other activities conducted by residents and conducted in Philadelphia by nonresidents.[3] "Business" is defined to mean any enterprise, activity, profession or undertaking of any nature conducted for profit by an individual, copartnership, association or any other entity.[4] The tax imposed by this ordinance has been declared to be a *property* tax. *National Biscuit Co. v. Philadelphia*, 374 Pa. 604, 98 A.2d 182 (1953); *Murray v. Philadelphia*, 364 Pa. 157, 71 A.2d 280 (1950).

The Philadelphia Mercantile License Tax is imposed upon the gross receipts, among others, of persons engaged in business within the City.[5] "Business" is defined to mean the carrying on or exercising for gain or profit within the City any trade, business, profession, vocation, or making sales to persons within the City, or any manufacturing, commercial or

---

[3] The Philadelphia Code §19-1502 (1973).

[4] The Philadelphia Code §19-1501(1) (1973).

[5] The Philadelphia Code §19-1003 (1973).

financial activity, service or business.[6] Whenever "person" is not otherwise defined by particular ordinance, it shall be construed to include partnerships,[7] and the mercantile license tax regulations of the City[8] require returns to be filed and the tax to be paid by "persons", including partnerships. The tax imposed by this ordinance has been declared to be a *privilege* tax. *Philadelphia Tax Review Board v. Smith, Kline and French Laboratories*, 437 Pa. 197, 262 A.2d 135 (1970); *National Biscuit Co. v. Philadelphia, supra.*

The cornerstone of appellants' argument is that the Sterling Act does not empower the City to tax partnerships, whereby its attempt to do so by the ordinances in question must be invalidated. This argument is structured upon a syllogism, the basic premise of which is that the taxes in question are imposed upon "persons". From this premise, appellants would have us conclude that "persons" being undefined by the Sterling Act, cannot be construed to include partnerships, hence the want of power in the City of Philadelphia to "impose" a tax upon a partnership.

We disagree as we believe appellants' basic premise to be unsound. The clear intent of the Sterling Act is to empower cities of the first class to tax all *subjects* of taxation not subject to State tax or license fees. This is manifested in the concluding sentence of the enabling legislation, 53 P.S. §15971(a). Certainly it cannot be successfully argued and appellants have cited no contrary authority that the Commonwealth is without power to impose the taxes here in question—a property tax on net profits and a privilege tax on gross receipts—and require all those who en-

---

[6] The Philadelphia Code §19-1001(1) (1973).

[7] The Philadelphia Code §1-103(1)(g) (1973).

[8] Philadelphia Mercantile License Tax Regulations §201.

gage in a business or activity producing the same to pay such a tax. Furthermore, appellants' assumption that the taxes in question are ''imposed'' upon persons is equally unsound. The subject of the Philadelphia Net Profits Tax is net profit derived from doing business and carrying on activities as defined by the ordinance. The subject of the Philadelphia Mercantile License Tax is gross receipts derived from doing business or carrying on activities as defined by that ordinance. Neither one imposes a direct tax on persons, and the Sterling Act does not by its provisions direct its attention to or restrict cities of the first class in their determination of who shall bear the burden of the tax. The direct burden of a tax in large measure is determined by its subject matter and nature, subject to the power of the taxing authority, within constitutional limitations, to exclude or exempt from its impact those who might otherwise bear its burden.

The ultimate extension of appellants' argument that only ''persons'' are subjected to taxation under the Sterling Act would limit its grant of power and authority to direct taxation of individuals only. Such a result would preclude the City of Philadelphia, under the authority of the Sterling Act, from placing the burden of taxation on corporations, legal entities and other forms of business relationships which are universally recognized as subject to taxation, assuming the existence of the power to tax the subject matter in question. Partnerships have long been recognized as a form of association of individuals properly treated as a *taxable* entity if the subject matter of the tax is within the granted power to tax.

In *Pittsburgh v. Houston,* 8 Pa. Commonwealth Ct. 468, 471-72, 303 A.2d 860, 861-62 (1973), we said:

''Appellants have not directed our attention to any cases in Pennsylvania which declared a tax to be in-

valid because it was levied on a partnership. Indeed, in the cases relied upon by appellants, the partnerships in fact paid tax on that part of the subject of the tax which the court held taxable. Stated another way, in each instance the partnership taxpayer challenged only part of the tax. In Tax Review Board v. Belmont Laboratories Company, 392 Pa. 473, 474, 141 A.2d 234, 235 (1958): 'The question involved may be thus stated: Does the Philadelphia ordinance validly assess a net profits tax upon a partnership whose sole office is in Philadelphia upon profits earned in a foreign corporation on goods manufactured and sold in a foreign country, when the residence and domicile of all members of the partnership is outside of Philadelphia? . . . The partnership's sole office and place of business was and is at 4730 Market Street, Philadelphia. *The partners paid the Philadelphia Net Profits Tax on all Mazon Ointment and Mazon Soap manufactured and sold in Philadelphia (and distributed throughout the United States).*' In Tax Review Board v. D. H. Shapiro Company, 409 Pa. 253, 254, 185 A.2d 529, 530 (1962):

" 'D. H. Shapiro Company is a partnership engaged in the practice of public accounting, having its only office in the City of Philadelphia. . . .

" 'In filing net profits tax returns for the years in question, Shapiro excluded from its tax base the distributive shares of its nonresident partners attributable to services performed outside of Philadelphia. . . .

" 'The question presented for our determination is whether a partnership composed of residents and nonresidents of Philadelphia, having its sole office in Philadelphia and performing services both outside and inside Philadelphia, is subject to the Philadelphia Net Profits Tax on all of its profits, or whether the profits earned by nonresident partners for services

performed outside Philadelphia are properly excludable from the partnership's net profits for purposes of the tax.' Justice, later Chief Justice, BELL stated affirmatively in Belmont, supra:

" 'While that is the general rule, it does not follow that for purposes of taxation a partnership may not be taxed, or may not have a domicile for tax purposes, separate and distinct from that of the individuals who compose it. In other words, a partnership may be recognized as a legal entity for certain purposes. In Burnet v. Leininger, 285 U.S. 136, the Court held that Congress has power to tax a partnership as an entity, or to tax the partners individually. The Court said (page 142): "We find no reason to doubt the validity of the tax. The Congress, having the authority to tax the net income of partnerships, could impose the liability upon the partnership directly, as it did under the Revenue Act of 1917 (40 Stat. 300, 303), or upon the 'individuals carrying on business in partnership,' as in the statutes here involved.''

" 'The modern trend of both the Courts and legislative bodies is to treat a partnership for certain purposes as an entity.' 392 Pa. at 479, 141 A.2d at 237.'' (Emphasis in original.)

Virtually identical language is found in the Local Tax Enabling Act, under consideration in *Houston,* as is contained in the Sterling Act.

Given the power to tax as being within the ambit of the Sterling Act, the subjects of taxation and their nature as disclosed by the ordinances in question, together with the supporting regulations, there can be no question that the burden of these taxes has been imposed upon partnerships engaged in a business or activity producing the net profits or gross receipts. For the purposes of these taxes, partnerships have clearly been declared to be *taxable* entities. *Tax Re-*

*view Board v. D. H. Shapiro Company,* 409 Pa. 253, 185 A.2d 529 (1962), relied upon by appellants, does not require a different conclusion on this point. In *Shapiro* the sole issue was the question of attributing a domicile to a partnership separate and apart from that of the partners. In the instant appeals, the question of domicile is not present. The basis for taxation is not appellants' domicile; it is the fact that all appellants are doing business in Philadelphia.

The Court therein held that, as to nonresidents of Philadelphia, the Sterling Act restricts the taxing power of the City to taxes on income earned within the geographical limits of the City of Philadelphia. The sole question before the Court was the geographical restrictions of the Sterling Act and not the taxability of a partnership as an entity. The Court held that the City could not attribute to a partnership the concept of a separate domicile for purposes of taxing all of its net profits where there were non-resident partners who performed services outside of Philadelphia.

Lastly, the appellant general partnerships argue that they are not engaged in business within the meaning of the tax ordinances as the receipts derived from the rental of their respective properties are not "earned" but passive income. *Adams* general partnership was admittedly formed to acquire a parcel of real estate for profit making purposes. It enjoys a "net-net" leasehold agreement with its lessee, *i.e.,* responsibilities normally those of an owner and lessor are assumed by the tenant. *Erie* general partnership, formed to acquire a ground lease of real estate, sub-leases the same to another under a net lease agreement, whereby the sublessee pays ground rent directly to the fee owner and assumes most, if not all, of *Erie's* responsibilities as ground lessee. In both cases, these general partnerships are the recipients of rental pay-

ments which are distributed to their partners proportional to their partnership interests.

Relying principally upon *Shapiro, supra,* and *Price v. Tax Review Board,* 409 Pa. 479, 187 A.2d 280 (1963), appellants would have us declare that a partnership formed for the purpose of engaging in a business or activity of real estate ownership for profit, while engaging in such business or activity, nevertheless, escapes taxation because it has successfully shed itself of and placed upon its tenant responsibilities normally assumed by an owner and lessor. How this fact in any way changes its business purpose or activity from one of owning real estate for profit and engaging in the activity of owning real estate from which gross receipts are derived escapes us. *Price* is distinguishable in that the real estate there acquired and owned by individuals not residing in Philadelphia was by way of inheritance. In any event, we are not inclined to extend the holding of *Price* as the Supreme Court itself has repeatedly stated that "Price is to be strictly limited to its facts." *Coventry Hills, Inc. v. Philadelphia Tax Review Board,* 437 Pa. 259, 261, 263 A.2d 348, 348 (1970).

Following *Price,* the Supreme Court in *Tax Review Board v. Brine Corporation,* 414 Pa. 488, 200 A.2d 883 (1964), which is a case involving the Mercantile License Tax here in question and its application to "unearned" income from rents and other sources, declared:

"[S]imply because a certain type of receipt may be derived as rent from real estate, dividends or interest from securities or gain from the sale of property (i.e., receipts generally referred to as 'unearned') is not itself sufficient reason for holding that such receipts are not derived from the conduct of a business. It is as possible to conduct a business which generates only 'unearned' receipts as it is to conduct

an enterprise producing only 'earned' receipts. The test is neither the characterization of the receipt nor the size of the business; rather, it is the nature of the activity producing the receipt." 414 Pa. at 494, 200 A.2d at 886. *See also Kungsgaten, Inc. v. Philadelphia,* 422 Pa. 209, 220 A.2d 803 (1966).

Notwithstanding the absence of active management of the real estate owned and held by these partnerships for the production of income, such ownerships for the avowed purpose they were created and the derivation of net profits and gross receipts therefrom are sufficient unto themselves to subject these partnerships to taxation under the ordinance in question as being engaged in business within the meaning of the ordinances.

ORDER

Now, July 1, 1976, the order of the court below is affirmed.

Judge KRAMER did not participate in the decision in this case.