Irvin C. Schorsch, Jr. and John B. Schorsch, Appellants *v.* Tax Review Board, Appellee.

Argued October 5, 1979, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Merle A. Wolfson,* with him *Krekstein, Shapiro, Bressler & Wolfson,* for appellant.

*Augustus L. Pasquarella,* Assistant City Solicitor, with him *Sheldon L. Albert,* City Solicitor and *Stewart M. Weintraub,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE BLATT, February 7, 1980:

The subject of this appeal from the Court of Common Pleas of Philadelphia County is the taxability of Irvin C. Schorsch, Jr. and John B. Schorsch (appellants) under the Philadelphia Net Profits Tax Ordinance, The Philadelphia Code §19-1500 et seq., and the Philadelphia Mercantile License Tax Ordinance, The Philadelphia Code §19-1000 et seq. The court below sustained the Philadelphia Tax Review Board in finding appellants subject to the payment of both taxes, and the sole issue here is whether or not the appellants were engaged in a business, within the meaning of The Philadelphia Code and cases interpreting it, so as to make them taxable for the years 1970 to 1975 under the tax ordinances concerned.[1]

The facts are not in dispute. Prior to 1968 the appellants were the sole shareholders of a corporation known as the Metal Bank of America, Inc., which conducted a smelting and refining business at its various properties in Philadelphia. In 1968, its assets were sold to the Union Corporation except for its real property. Metal Bank of America, Inc., thereafter changed

---

[1] The City of Philadelphia imposed a net profits tax on the appellants for the years 1970-1974, and a mercantile license tax for the years 1971-1975.

its name to L. Goldstein's Sons, Inc., in which the appellants remained the sole shareholders, and, because the Union Corporation had not purchased the real property, L. Goldstein's Sons, Inc., leased the major portion of it to the Union Corporation and most of the remaining property to various other lessees. L. Goldstein's Sons, Inc., was then dissolved and its assets distributed to its shareholders, the appellants, so that they became the unincorporated co-owners of the properties. Pursuant to the distribution of the assets of the dissolved corporation, they also became the lessors of the properties. During the years in question, the combined rental income for the properties was approximately $130,000 per year.

The determination of a business activity for purposes of taxability under Sections 19-1500 and 19-1000 of The Philadelphia Code is governed here by the Superior Court's decision in *Philadelphia Tax Reveiew Board v. Weiner,* 211 Pa. Superior Ct. 229, 235 A.2d 184 (1967), where the Court held that the crucial elements of a rental business under The Philadelphia Code are (1) the deliberate acquisition of property for the purpose of conducting a rental business and, (2) the provision of any services with regard to the property. The Court in *Weiner, supra,* stated in part:

> The conclusion would then be that any quantum of such action, such as deliberate acquisition and the provision of even minimal services, would qualify the activity in question as a business activity and merit the imposition of the tax.

211 Pa. Superior Ct. at 238, 235 A.2d at 188.

The appellants here fulfill the requirement of having deliberately acquired the property to carry on a rental business. As the sole shareholders of L. Goldstein's Sons, Inc., they approved the corporation's dissolution pursuant to Section 1102 of the Business Cor-

poration Law, Act of May 5, 1933, P.L. 364, *as amended,* 15 P.S. §2102; hence, it is clear that the property was deliberately acquired through their own affirmative action. Furthermore, on their federal partnership tax returns during the years in question, the appellants clearly characterized themselves as a joint venture whose principal business activity was in rental property. Thus, because the appellants deliberately acquired the property and subsequently characterized the rentals as their primary business, we must agree with the court below that they acquired the property for the purpose of conducting a rental business.

The appellants further contend that, because the lease with the Union Corporation was a net lease agreement, in which the normal responsibilities of the lessor were assumed by the tenant, they did not fulfill the second requirement of a rental business under *Weiner, supra; i.e.,* that they provide at least minimal services with regard to the property. We fail to see, however, why the appellants should escape taxation simply because they have successfully shed themselves of many of their responsibilities as lessors. As President Judge BOWMAN held in *Philadelphia Tax Review Board v. Adams Avenue Associates,* 25 Pa. Commonwealth Ct. 379, 360 A.2d 817 (1976), in which a lessor was held taxable under the provisions of The Philadelphia Code:

> How this fact [net leasehold agreement] in any way changes its business purpose or activity from one of owning real estate for profit and engaging in the activity of owning real estate from which gross receipts are derived escapes us.
>
> . . . .

Notwithstanding the absence of active management of the real estate owned and held by these partnerships for the production of in-

come, such ownerships for the avowed purpose they were created and the derivation of net profits and gross receipts therefrom are sufficient unto themselves to subject these partnerships to taxation under the ordinance in question as being engaged in business within the meaning of the ordinances.

25 Pa. Commonwealth Ct. at 388-89, 360 A.2d at 821.

Even though a finding of such minimal services, therefore, is unnecessary for a determination of taxability, nevertheless, we believe that there is substantial evidence in the record below to support the lower court's finding that the appellants did, in fact, provide minimal services for their tenants. The appellants' federal partnership tax returns and the testimony of one of the appellants before the Tax Review Board indicate that they made repairs and incurred maintenance expenses on the properties, not including that leased to the Union Corporation. The tax returns and testimony also indicate that the appellants incurred and paid expenses for certain utilities, for insurance and for commissions to agents who assisted them in locating tenants. The appellants also made other tax deductions of up to $8,482 for every year in question in connection with the property, thus indicating a responsibility for the management of the real estate.

Accordingly, we must affirm the order of the Court below finding the appellants taxable under Section 19-1500 and Section 19-1000 of The Philadelphia Code.

### ORDER

AND Now, this 7th day of February, 1980, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge DISALLE did not participate in the decision in this case.