James M. Dunn, Jr. and Martin Stein, Appellants *v.* Tax Review Board of the City of Philadelphia, Appellee.

Argued March 5, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*Leonard B. Rosenthal, Abrahams & Lowenstein,* for appellants.

*Ellis M. Shaw,* Assistant City Solicitor, with him *Augustus L. Pasquarella,* Assistant City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, July 15, 1982:

The appellants, James M. Dunn, Jr. and Martin Stein, appeal an order of the Court of Common Pleas of Philadelphia County which sustained a denial by the City of Philadelphia's Tax Review Board (Board) of four petitions filed by them requesting tax refunds and assessment review.

The following facts, *inter alia,* were stipulated to by the parties before the Board.[1] In 1963, James M. Dunn, Sr., the sole shareholder of Dunn, Inc., a corporation which owned and managed real estate, died leaving his 21,385 shares to a trust[2] for which the ap-

---

[1] The court below took no additional evidence.

[2] The surviving beneficiaries of this trust were the settlor's children, appellant James M. Dunn, Jr., and Ethel A. Ciletti.

pellants served as trustees. Subsequently, in 1967, Dunn, Inc. was liquidated and the appellants, as trustees, in exchange for the aforementioned shares of stock, acquired the corporation's real estate which included approximately 17 properties within the City, a cottage in Wildwood, New Jersey, and a farm in Delaware. At the time of the hearing before the Board, approximately eight of the properties had been sold by the appellants while the others were leased-out.[3] Due to such operations, the appellants were required to pay certain taxes under the Mercantile License Tax and Net Profits Tax of the City of Philadelphia. After paying some of the taxes and being assessed approximately $2,863.00 for additional rental income and sale proceeds, the appellants, as trustees, filed petitions with the Board seeking the following relief:

1. A refund in the amount of $1,212.62 which represents the amount paid by the appellants in accordance with the Net Profits Tax for the years 1969, 1970 and 1973.

2. A refund in the amount of $1,055.37 which represents the amount paid by the appellants in accordance with the Mercantile License Tax for the years 1970 through 1976.

3. A review of the tax assessment in the amount of $2,601.07 which was based on the rental income of the properties involved, in accordance with the Net Profits Tax for the years 1969 through 1974.

4. A review of the tax assessment in the amount of $262.12 which was based on the proceeds from the sale of some of the properties, in ac-

---

[3] Of the properties that were leased, some were commercial while others were residential.

cordance with the Mercantile License Tax for the years 1972 and 1975.

The Board, after a hearing, denied their petitions and the court below affirmed the denial. This appeal followed.

We agree with the court below that the issue in this matter is whether or not the "appellants' conduct in acquiring, selling, renting and administering the aforementioned properties constitutes such *business activity*[4] as to bring them within the purview of the Net Profits Tax and Mercantile License Tax for taxing purposes." (Emphasis added.)

The Net Profits Tax defines the term business as "[a]n enterprise, activity, profession, or undertaking of any nature conducted for profit or ordinarily conducted for profit, whether by an individual, co-partnership, association . . . or any other entity." Philadelphia Code Section 19-1501(1).[5] And, for purposes of the Mercantile License Tax, business is defined as "[t]he carrying on or exercising for gain or profit within the City any trade, business, profession, vocation, or making sales to persons within the City, or any manufacturing, commercial or financial activity, service or business. . . ." Philadelphia Code Section 19-1001(1).[6]

Although the above definitions of business differ slightly, our Supreme Court has stated that the defi-

---

[4] The Philadelphia Net Profits Tax imposes a tax upon the net profits earned from *business* conducted in Philadelphia. The Philadelphia Mercantile License Tax is imposed upon the annual gross volume of *business* transacted by persons engaged in business within the City.

[5] Revised November 1978, currently found at Section 101(b) of the Philadelphia Income Tax Regulations (I-672-2).

[6] Revised January 1977, currently found at Section 103 of the Philadelphia Mercantile License Tax Regulations (2-669-3).

nitions may be considered identical when determining what is a taxable activity. *Price v. Tax Review Board*, 409 Pa. 479, 187 A.2d 280 (1963); *see also Philadelphia Tax Review Board v. Weiner*, 211 Pa. Superior Ct. 229, 235 A.2d 184 (1967); *Schorsch v. Tax Review Board*, 49 Pa. Commonwealth Ct. 225, 410 A.2d 1305 (1980). ''Under either ordinance, a distinction must be made between 'a taxable's active conduct of a money-making occupation' and 'acts done by one not engaged in business but merely conserving his property.'" *Price*, 409 Pa. at 485, 187 A.2d at 283. And, we have recognized that:

> The determination of a business activity for purposes of taxability under Sections 19-1500 [Net Profits Tax] and 19-1000 [Mercantile License Tax] of The Philadelphia Code is governed . . . by . . . Weiner . . . where the Court held that the crucial elements of a rental business under The Philadelphia Code are (1) the deliberate acquisition of property for the purpose of conducting a rental business and, (2) the provision of any services with regard to the property. The Court in Weiner, *supra*, stated in part: ''The conclusion would then be that *any quantum of such action, such as deliberate acquisition and the provision of even minimal services, would qualify the activity in question as a business activity and merit the imposition of the tax.''* 211 Pa. Superior Ct. at 238, 235 A.2d at 188.

*Schorsch*, 49 Pa. Commonwealth Ct. at 227, 410 A.2d at 1306 (emphasis added; citations omitted).

The appellants argue that they are not liable for the taxes because the record shows that they did not manage or supervise the operation of the real estate or supply services or utilities to the tenants but rather

only collected rents and sale proceeds in a passive manner and made disbursements for carrying charges and repairs where necessary. They maintain, therefore, that they did not acquire the properties as an investment or for rental income and that they are consequently not engaged in a taxable business under either of the tax ordinances.

Like the court below, we find this argument unpersuasive and these allegations unsupported by the record.

Our examination of the record discloses that the appellants deliberately acquired the properties herein concerned, sold eight of the properties, leased those remaining, employed agents to collect the rent, and maintained an office for the receipt of mail and the storage of records. The record also indicates that appellant Dunn rendered services which included personal visits to the property, payments of insurance, supervision of maintenance and repairs, and the provision of legal counsel and that appellant Stein, a certified public accountant, was paid for accounting services in connection with services and expenses incurred from the trust's real estate operations. Furthermore, the record shows that, during the fiscal years 1968 through 1975, the trust deducted from its U.S. Fiduciary Income Tax returns the costs of taxes, insurance, maintenance, repairs, auto and travel expenses, office expenses, wages, and other expenses incurred from the real estate operation, thereby indicating that they were operating more as a business would operate than as passive trustees. *Cf. Schorsch* (federal partnership tax return indicated nature of rental activity as a business).

In view of the above, we agree with the court below that the appellants deliberately acquired the property for the purpose of conducting a real estate business operation and provided services sufficient to

bring them within the ambit of the Mercantile License and Net Profits taxes of the City of Philadelphia. *Weiner; Schorsch.*

Accordingly, we will affirm its order denying the appellants' tax appeal.

ORDER

AND Now, this 15th day of July, 1982, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.