LASSER, P.J.T.C.
Romanus J. Buckley and Margaret M. Buckley, hereinafter “taxpayer,” contest the Director’s denial of a 1979 New Jersey gross income tax credit for net profits tax paid to the City of Philadelphia. The taxpayer and the Director have made cross motions for summary judgment.
The facts are not in dispute. Romanus J. Buckley is a New Jersey resident and an attorney licensed to practice law in Pennsylvania. He has his office in Philadelphia and practices law as a sole practitioner. Taxpayer claimed credit on his 1979 New Jersey gross income tax return for net profits tax paid to Philadelphia. The Director’s denial of the credit resulted in an additional 1979 tax assessment of $794, plus interest and penalty.
The Director denied the credit on the ground that the Philadelphia net profits tax is a tax on an unincorporated business, not on an individual and, therefore, an individual may not take credit on his New Jersey gross income tax return for a tax imposed on his business.
Taxpayer contends that the Philadelphia net profits tax is a tax on his income which qualifies for credit as an “income tax” against his New Jersey gross income tax.
The New Jersey Gross Income Tax Act grants a credit to resident taxpayers “... for the amount of any income tax or wage tax imposed for the taxable year by ... [a] political subdivision of ... [a] state ... with respect to income which is also subject to tax under this act.” N.J.S.A. 54A:4-1. The Philadelphia City Wage and Net Profits Tax Ordinance, Philadelphia, Pa.Code § 19-1502(l)(b) & (l)(d) (as amended 1976), imposes an annual tax of 45/16% for general revenue purposes on salaries, wages, commissions and other compensation earned by nonresidents of Philadelphia for work done or services performed or rendered in Philadelphia, and on the net profits *369 earned by unincorporated businesses, professions or other activities conducted in Philadelphia by nonresidents. Authority to enact the Philadelphia City Wage and Net Profits Tax Ordinance was granted in the Sterling Act, 53 P.S. § 15971 (1932), which authorized the city to impose taxes “. .. on persons, transactions, occupations, privileges, subjects and personal property within the limits of such city ...” This act prohibited imposition of any tax which duplicated a Pennsylvania state tax. The Pennsylvania Tax Reform Act of 1971, 72 P.S. § 7101, imposed a state personal income tax on wages, net profits and net gains but contained a specific saving clause, 72 P.S. § 7359(b), permitting Philadelphia to continue to collect its city wage and net profits tax.
New Jersey’s Gross Income Tax Act permits a credit for foreign taxes paid if such taxes are either “wage taxes” or “income taxes.” Philadelphia combines a wage tax and a tax on unincorporated business net profits in the same ordinance.[1] The wage tax portion of the ordinance qualifies for credit under the New Jersey Gross Income Tax Act. The issue to be decided is whether the net profits tax portion of the ordinance is a tax which qualifies for New Jersey gross income tax credit. New Jersey has neither administrative code regulations nor legislative history bearing on this issue.
The principles of statutory interpretation dictate that all statutes be construed in light of their purposes and objects and that tax statutes be construed most strongly against the government and in favor of the taxpayer where there is doubt or ambiguity. American Can Co. v. Taxation Div. Director, 87 N.J.Super. 1, 207 A.2d 699 (App.Div.1965). Such doubt or ambiguity exists in this case because it is not clear whether the net profits tax on a sole proprietorship is an income tax “... with respect to income which is also subject to tax...” under N.J.S.A. 54A:4-1, of the New Jersey Gross Income Tax Act.
*370 The Director relies on the decision of the Pennsylvania Commonwealth Court in City of Philadelphia Tax Review Board v. Adams Avenue Associates, 25 Pa.Commw. 379, 360 A.2d 817 (1976). In that case, certain general and limited partnerships appealed net profits tax assessments. Taxpayers in that case argued that the Sterling Act authorized the City of Philadelphia to tax “persons” but that this authorization did not extend to partnerships. The court held that it was not necessary to find that a partnership was a person because the city had authority to tax businesses, professions or other activities conducted in Philadelphia and the tax on the partnership was a property tax on business.
The Adams court relied on prior Pennsylvania Supreme Court decisions to support its finding that the net profits tax is a property tax. However, this finding is not inconsistent with a finding in the subject case that the tax is an income tax since the Pennsylvania Supreme Court decisions equate income taxes with property taxes. See National Biscuit Co. v. City of Philadelphia, 374 Pa. 604, 98 A.2d 182 (S.Ct.1953); Murray v. City of Philadelphia, 364 Pa. 157, 71 A.2d 280 (S.Ct.1950); Kelley v. Kalodner, 320 Pa. 180, 181 A. 598 (S.Ct.1935). Therefore, I conclude and the Director concedes that, for purposes of the New Jersey gross income tax credit, the Philadelphia net profits tax is an income tax.
The Director relies solely on Adams to conclude that the taxpayer is not entitled to a credit because the net profits tax is imposed on the income of his business in Philadelphia and not on his personal income. The Adams court holding that the net profits tax is a tax on business can be questioned in view of the decision of the Pennsylvania Supreme Court in Tax Review Board v. D.H. Shapiro Company, 409 Pa. 253, 185 A.2d 529 (1962). In Shapiro, a case involving the Philadelphia net profits tax, the court held that a nonresident partner of a Philadelphia partnership could not be taxed on the non-Philadelphia source income of the partnership. The court held that Philadelphia’s power to tax non-Philadelphia source income was limited by the place of residence of the individual partners. Thus, the tax is *371 not imposed on the total partnership business income but only on the income of an individual partner who is a resident of Philadelphia, or a nonresident partner’s Philadelphia source income.
To determine the scope of Philadelphia’s power to impose the net profits tax on unincorporated businesses, it is necessary to look to the resident or nonresident status of the individual, whether a partner or a sole proprietor. A Philadelphia resident who operates a sole proprietorship outside Philadelphia can only be taxed as an individual because Philadelphia does not have the authority to tax a business located outside Philadelphia.
The Pennsylvania Supreme Court, in dealing with the power to tax conferred on the City of Philadelphia by the Sterling Act and the prohibition against duplication of a state tax, properly recognized that, “In construing the Act, it is immaterial that state taxes have been referred to as excise or franchise taxes or by any other adjective; the reality controls.” Murray v. City of Philadelphia, supra, 71 A.2d at 286. The net profits tax, although labeled a tax on business, is in reality a tax on the income of the sole proprietorship because the business and the sole proprietor are one and the same and the income is one and the same.
The Philadelphia net profits tax is imposed on the income of a New Jersey resident’s sole proprietorship located in Philadelphia. A New Jersey resident is required to pay New Jersey gross income tax on income from his sole proprietorship business in Philadelphia.[2] As this court held in Jenkins v. Taxation Div. Director, 4 N.J.Tax 127, 133, 446 A.2d 217 (Tax Ct.1982), “the objective of N.J.S.A. 54A:4-1 is to avoid double taxation of the same income by providing a credit against New Jersey gross *372 income tax for tax paid to another jurisdiction on the same income.”
Many New Jersey residents work in neighboring states, giving rise to the possibility of double taxation of their earnings. New York City imposes a personal income tax on New Jersey residents who work in New York City. This tax is imposed on their New York City source income, including unincorporated business income. To avoid double taxation of New York City income, whether in the form of wages or income from an unincorporated business, the tax credit provision in the New Jersey Gross Income Tax Act enables the New Jersey resident who works in New York City to obtain a credit for income tax paid to New York City. The “wage tax” credit provision enables the New Jersey resident employed in Philadelphia to obtain a credit for payment of the Philadelphia wage tax to avoid double taxation of this income. I can discern no rational basis for concluding that the Legislature intended to prevent the New Jersey resident who has an unincorporated business or profession in Philadelphia from obtaining a similar credit against his New Jersey gross income tax for net profits tax paid to Philadelphia.
I conclude that the Philadelphia net profits tax is an income tax on the same income of the individual taxpayer as is taxed under the New Jersey gross income tax, and therefore it may be credited against his New Jersey gross income tax.
Taxpayer’s motion for summary judgment is granted and the Director’s is denied. The Clerk of the Tax Court is directed to enter judgment in favor of the taxpayer, cancelling the additional 1979 tax assessment of $794, plus interest and penalty.

Philadelphia is not authorized to impose a tax on the income of corporations.

The Philadelphia wage and net profits tax is expressly excluded from the Reciprocal Personal Income Tax Agreement between the Commonwealth of Pennsylvania and the State of New Jersey, as amended October 19, 1977. Therefore, the wage and net profits tax must be paid by a New Jersey resident.