LASSER, P.J.T.C.
Henry A. and Martha N. Stein, hereinafter “taxpayer”, contest the Director’s denial of 1978 and 1979 New Jersey gross income tax credit for net profits tax paid to the City of Philadelphia. The taxpayer and the Director have made cross motions for summary judgment.
The facts are not in dispute. Henry J. Stein is a New Jersey resident and an attorney licensed to practice law in Pennsylvania and New Jersey. He is a partner in a law firm having an office in Philadelphia. The law partnership paid Philadelphia net profits tax for the years 1978 and 1979. Taxpayer claimed credit on his New Jersey gross income tax return for his proportionate share of the net profits tax paid by the partnership. He calculated his New Jersey credit at $1,249 for 1978 and $1,688 for 1979.
The Director denied the credit on the ground that the Philadelphia net profits tax is a tax on unincorporated businesses, not on individuals, and concluded that an individual may not take credit on his New Jersey .gross income tax return for a tax imposed on his business.
*375 Taxpayer contends that the Philadelphia net profits tax is a tax on his personal income which qualifies for credit as an “income tax” against his New Jersey gross income tax.
In a companion case, Buckley v. Director, 5 N.J.Tax 366 (Tax Ct.1983), decided this day, the court has determined with respect to a sole proprietorship that the Philadelphia net profits tax is a tax on individual income which qualifies for credit against an individual’s New Jersey gross income tax. This case differs from the Buckley case in that the net profits tax was paid by taxpayer’s law partnership, a different entity from the taxpayer.
For purposes of imposition of the Philadelphia net profits tax, the partnership is regarded as the taxpaying entity. See City of Philadelphia Tax Review Board v. Adams Avenue Associates, 25 Pa.Commw. 379, 360 A.2d 817 (Commw.Ct.1976). In Tax Review Board v. D.H. Shapiro Company, 409 Pa. 253, 185 A.2d 529 (S.Ct.1962), a case involving the Philadelphia net profits tax, the court held that a nonresident partner of a Philadelphia partnership could not be taxed on the non-Philadelphia source income of the partnership. The court held that Philadelphia’s power to tax non-Philadelphia source income was limited by the place of residence of the individual partners. Thus the tax is only on the income of a partner who is a Philadelphia resident, or the Philadelphia source income of a nonresident partner. Although the partnership is regarded as the taxpaying entity for tax collection purposes, Philadelphia may not impose the tax based on the place of residence of the partnership but must impose the tax based on the places of residence of the partners. The Shapiro court stated that, “We must hold that the weight of authority in this Commonwealth is to the effect that a partnership is treated as an aggregate of individuals and not as a separate entity.” [185 A.2d at 533].
Under the New Jersey Gross Income Tax Act the partnership is not regarded as the taxpaying entity. New Jersey follows the federal scheme, which requires the partnership to file information returns but imposes the tax on an *376 individual partner’s proportionate share of the partnership earnings. The fact that Philadelphia, for its own collection reasons, sees fit to collect the tax from the partnership does not mean that the tax is not borne by the individual partners. New Jersey’s choice of a different method of taxing partnership earnings should not deprive the partners of the right to the credit since, in reality, Philadelphia and New Jersey are taxing the same income.
I therefore conclude, based on the foregoing and for the reasons set forth in Buckley v. Taxation Div. Director, supra, that the taxpayer is entitled to a credit against his New Jersey gross income tax for his proportionate share of the Philadelphia net profits tax paid on the earnings of the partnership.
Taxpayer’s motion for summary judgment is granted and the Director’s is denied. The Clerk of the Tax Court is directed to enter judgment in favor of the taxpayer, cancelling the additional tax assessments of $1,249 for 1978 and $1,688 for 1979 together with interest and penalties.