**NINE PENN CENTER ASSOCIATES, Appellant,**

v.

**TAX REVIEW BOARD OF THE CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.

Decided Feb. 28, 1997.

Reargument Denied May 2, 1997.

Michael P. Weinstein, Philadelphia, for appellant.

Frank Paiva, Jr., Philadelphia, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Nine Penn Center Associates, L.P. (NPCA) appeals a Philadelphia County Common Pleas Court order that affirmed a Philadelphia Tax Review Board (Tax Board) decision denying NPCA's challenge to a business privilege tax (BPT) assessment by the City of Philadelphia (City).

The City imposes by way of ordinance and regulations a BPT on City businesses pursuant to the First Class City Business Tax Reform Act (BPT Enabling Act), Act of May 30, 1984, P.L. 345, 53 P.S. §§ 16181–16193. NPCA is a limited partnership that owns and rents real property in the City known as the Mellon Bank Building. One of its partners is Equitable Life Assurance Society, a New York State life insurance company, which has a general and limited partnership interest equal to 50% of the total partnership. Based on this interest, NPCA excluded 50% of gross receipts and net income in calculating its City BPT from 1991 through 1993. The City subsequently assessed NPCA $129,480 plus interest and penalties for underpaid BPT during those years and NPCA sought review with the Tax Board.

The Tax Board denied NPCA's petition, but stated "[p]enalty abated. Must arrange installments in 30 days." NPCA appealed to the trial court, which adopted the Tax Board's rationale and held that the assessment was proper as a matter of law. The court also held the penalty abatement was conditional and had been forfeited. NPCA now appeals to this Court.

■ The primary question we must decide here is whether an "entity" rather than an "aggregate" theory of partnership taxation is applicable. Under the entity theory, upon which the Tax Board relies, the status of individual partners is not taken into account for purposes of the BPT, but the partnership as a whole is simply taxed as one entity. Under the aggregate theory, advanced by NPCA, the individual status of each partner in a partnership, or of each joint venturer in a joint venture, must be taken into account for purposes of the BPT. Were we to accept this latter theory, we would then consider NPCA's arguments in turn that, because Equitable Life Assurance Society—one partner and/or joint venturer—is an insurance company, taxation as to its share of income is excluded by two special BPT provisions pertaining to insurance companies. Since we do not accept the aggregate theory, based on the following discussion of the entity/aggregate issue, we do not reach these arguments.

NPCA contends that the character and status of individual partners must be taken into account, as stated in *Philadelphia Tax Review Board v. D.H. Shapiro Co.*, 409 Pa. 253, 185 A.2d 529 (1962). It claims that, while a partnership is treated as an entity for tax reporting and payment purposes, it is not when defining the taxable base of partnership income and receipts. NPCA submits that, simply because a "person" taxed under the BPT Enabling Act includes a partnership, the rule of law that a partnership is not an entity separate and distinct from that of the individuals composing it is not altered. *See D.H. Shapiro; Morrison's Estate*, 343 Pa. 157, 22 A.2d 729 (1941). According to NPCA, the City is incorrect in its assertions that *Shapiro* applies only to what is commonly known as the "Sterling Act," Act of August 5, 1932, Ex.Sess., P.L. 45, *as amended*, 53 P.S. §§ 15971–15973, a net profits enabling act, and that partnerships are not subject to the Sterling Act. NPCA maintains that the City's arguments were already raised and rejected in *Philadelphia Tax Review Board*

*v. Adams Avenue Associates,* 25 Pa.Cmwlth. 379, 360 A.2d 817 (1976).

NPCA continues its argument by contending that the BPT is at least ambiguous as to whether the entity or aggregate approach should be taken, and ambiguities must be construed in favor of taxpayers. *D.H. Shapiro.* NPCA asserts that the City's entity statutory construction is irrational because it deprives Equitable Life Assurance Society of privileges to which other insurance companies are entitled. NPCA also submits that it is actually a "partnership joint venture," which is a proper organizational form, and cites two unreported common pleas court decisions for the proposition that a joint venture is not a taxable entity for tax law purposes.

The Tax Board responds by arguing that the BPT is a tax on businesses, not individuals, and is imposed at the entity level, without regard to the identity of the owners of the businesses. The Tax Board states that Sections 2 and 4(a) of the BPT Enabling Act clearly apply to taxing every "person" engaging in business, expressly referring to partnerships, limited partnerships and associations. 53 P.S. §§ 16182, 16184(a). The Tax Board claims that case law under the Sterling Act and the net profits tax is inapplicable here, because the net profits tax is not a business tax, although a business may be a taxpayer, but is instead a tax on earned income of residents. According to the Tax Board, *D.H. Shapiro* simply holds that, under the Sterling Act, a taxable person does not include a partnership and the City may not tax income earned outside the City by a nonresident. It argues that *Adams Avenue,* to be consistent with *D.H. Shapiro,* must be interpreted as merely holding that a partnership under the Sterling Act is the taxpayer for reporting and payment purposes. It maintains that the BPT Enabling Act, by contrast, specifically authorizes the taxation of limited partnerships; this is logical since the BPT is a tax on businesses, and domicile is irrelevant. In sum, the Tax Board claims it is consistent with the differences between the taxes that the net profits tax is based on factors particular to individual partners while the BPT is based solely on factors particular to the partnership as a single business entity.

The Tax Board also asserts that the contention that NPCA is both a limited partnership and a joint venture is unsupported and counterintuitive, *McRoberts v. Phelps,* 391 Pa. 591, 600, 138 A.2d 439, 444 (1958) ("[a] joint venture is not a partnership"), and this cannot be changed by the language in NPCA's organizing documents. The Tax Board notes that NPCA has admitted it is a partnership; it has also failed to show the requisite factors of a joint venture, including a single non-continuing transaction, while stipulating that it is engaged in a "continuing" business for 100 years or until termination. The Tax Board distinguishes the trial court decisions upon which NPCA relies as interpreting the Sterling Act, which does not specifically provide that an association is a person taxed, whereas here the term "association," which is in the BPT Enabling Act, includes joint ventures. *See McRoberts.*

We agree with the Tax Board that the entity theory is applicable for BPT purposes. The Tax Board correctly points out that the statute here provides for taxing every "person" doing business in the City, and "person" is defined as "[a]ny individual, partnership, limited partnership, association, corporation, estate or trust." 53 P.S. §§ 16182, 16184. The BPT Enabling Act thus provides for taxing limited partnerships and associations, not the *members* or *partners* of a limited partnership or association, and does not provide for consideration of the status of individual members or partners for purposes of taxation. To the contrary, as the Tax Board notes, the act affirmatively implies otherwise in including a specific provision that "[w]henever used in any provision prescribing or imposing a penalty, the term 'person,' as applied to associations, shall mean the partners or members thereof and, as applied to corporations, the officers thereof." 53 P.S. § 16182. Further, even if NPCA is both a limited partnership and a joint venture, there is nothing to suggest that it is neither a "limited partnership" or an "association," both of which are specifically taxed under the BPT Enabling Act.

The cases NPCA cites have not considered the tax or the statutory language here and, in any event, do not cause us to accept its position. The question in *D.H. Shapiro* was whether the City could under the Sterling Act create an ordinance definition of partnership whereby a net profits tax was imposed on all earned net profits of a partnership when one or all of the partners resided and were domiciled outside of the City. In answering this question, our Supreme Court stated that "it is clear that the Sterling Act does not plainly and unmistakably empower the City to define a partnership in the manner set forth in the Ordinance." *D.H. Shapiro,* 409 Pa. at 260–261, 185 A.2d at 533. It was only in this context—considering domicile, a net profits tax and statutory language not involved in this case—that the Supreme Court cited *Morrison's Estate,* which did not involve taxation, and noted the general proposition that "the weight of authority in this Commonwealth is to the effect that a partnership is treated as an aggregate of individuals and not as a separate entity." *D.H. Shapiro,* 409 Pa. at 260, 185 A.2d at 533. The Supreme Court simply did not hold that partnerships cannot be taxed as an entity. In fact, we have previously stated as much

> In Shapiro the sole issue was the question of attributing a domicile to a partnership separate and apart from that of the partners.... The Court therein held that, as to non-residents of Philadelphia, the Sterling Act restricts the taxing power of the City to taxes on income earned within the geographical limits of the City.... The sole question before the Court was the geographical restrictions of the Sterling Act and not the taxability of a partnership as an entity.

*Adams Avenue,* 360 A.2d at 820.

Indeed, whatever subsidiary points NPCA makes in citing *Adams Avenue,* that case actually refutes its primary argument. We held there:

> The ultimate extension of appellants' argument that only "persons" are subjected to taxation under the Sterling Act would limit its grant of power and authority to direct taxation of individuals only. Such a result would preclude the City ..., under the

authority of the Sterling Act, from placing the burden of taxation on corporations, legal entities and other forms of business relationships which are universally recognized as subject to taxation, assuming the existence of the power to tax the subject matter in question. Partnerships have long been recognized as a form of association of individuals properly treated as a *taxable* entity if the subject matter of the tax is within the granted power to tax. In Pittsburgh v. Houston, 8 Pa.Cmwlth. 468, 471–72, 303 A.2d 860, 861–62 (1973), we said....

> it does not follow that for purposes of taxation a partnership may not be taxed, or may not have a domicile for tax purposes, separate and distinct from that of the individuals who compose it. In other words, a partnership may be recognized as a legal entity for certain purposes. In Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665 ... [1932] the Court held that Congress has power to tax a partnership as an entity, or to tax the partners individually. The Court said ... "[t]he Congress, having the authority to tax the net income of partnerships, could impose the liability upon the partnership directly, as it did under the Revenue Act of 1917 ... or upon the 'individuals carrying on business in partnership', as in the statutes here involved. The modern trend of both the Courts and legislative bodies is to treat a partnership for certain purposes as an entity."

Given the power to tax as being within the ambit of the Sterling Act, the subjects of taxation and their nature as disclosed by the ordinances in question, together with the supporting regulations, there can be no question that the burden of these taxes has been imposed upon partnerships.... For the purposes of these taxes, partnerships have clearly been declared to be *taxable* entities.... Shapiro ... does not require a different conclusion on this point.

*Adams Avenue,* 360 A.2d at 819–820 (emphasis in original) (citations omitted).

Given the case law, the nature of the BPT, which taxes businesses *qua* businesses, in-

cluding limited partnerships and associations, and given the clear language of the BPT Enabling Act, we reject NPCA's argument as to the aggregate theory and agree with the trial court and the Tax Board that the entity theory applies. In other words, the BPT is imposed on NPCA as a discrete entity and there is nothing requiring or allowing special consideration of the status of each of its individual members for purposes of taxation. This determination in turn compels the conclusion that NPCA has not shown it properly excluded from its BPT calculation receipts and income pertaining to Equitable Life Assurance Society's interest. The tax assessment therefore must stand.

∎ The remaining question for our resolution involves the propriety of the imposition on NPCA of fines, costs, penalties and interest in addition to the BPT assessment.

NPCA maintains that its position on the merits of the assessment is clearly not frivolous and that the Tax Board, after initially making large assessments in two other cases with identical issues, settled those cases for no payment. NPCA contends it initially came forward and has in good faith sought a tax interpretation. It argues that a penalty rate of 30% of the tax in the first year and 15% per year thereafter, plus a fine of $300 per month, is so harsh, inequitable and penal in nature as to be unrecoverable. *See Fidelity–Philadelphia Trust Co. v. Hines,* 337 Pa. 48, 10 A.2d 553 (1940); *Samuel Rappaport Limited Partnership v. Philadelphia Tax Review Board,* 682 A.2d 862 (Pa.Cmwlth. 1996).

The Tax Board, on the other hand, argues that a conditional penalty abatement was held properly forfeited in *Estate of Kuljian v. Philadelphia Tax Review Board,* 111 Pa. Cmwlth. 451, 533 A.2d 1135 (1987). It also submits that courts cannot waive statutorily imposed interest and penalties on local tax assessments. *Graybar Electric Co., Inc. v. Pittsburgh School District,* 378 Pa. 294, 106 A.2d 413 (1954).

We have considered these arguments and shall follow our holding in *Rappaport.* In that case, after reinstating certain assessments under the City's BPT and other taxes, *we abated penalties but did not excuse the*

*payment of interest.* The Supreme Court's decision in *Graybar* supports this holding under the facts of this case. The Court there declined to disallow penalties and interest imposed pursuant to a valid statutory requirement, despite prior Court decisions such as *Hines* that had overturned harsh penalties and unusual interest rates. Here, penalties, costs, interest and fines are imposed by the City's code, but, unlike in *Graybar,* there is also a provision that the Tax Board "may abate in whole or in part interest or penalties, or both, where in the opinion of the Board the petitioner acted in good faith, without negligence and no intent to defraud." The Philadelphia Code § 19–1705. The Tax Board itself in fact held here *"[p]enalty abated.* Must arrange installments in 30 days." Thus, it appears that the Tax Board already acted under the code and abated penalties. If its penalty abatement is construed as being conditional on the NPCA not seeking judicial review of its ruling on the merits, we must of course be wary of situations that might deter or intimidate parties from resorting to the courts to test the construction of an act. *Hines.*

We acknowledge our statement in *Kuljian* that a trial court did not abuse its discretion in holding that a taxpayer had forfeited an abatement of two-thirds of a penalty where the taxpayer did not enter into payment arrangements as required by the Tax Board. Nevertheless, it is not apparent that the considerations raised here were presented in that case, which preceded *Rappaport.* Based on those considerations, and in view of both *Graybar* and *Hines,* we hold under the authority in *Rappaport* that the penalty abatement should not have been forfeited, but NPCA must still pay all other amounts, including interest.

Accordingly, the trial court's order is affirmed except with regard to penalties.

### ORDER

AND NOW, this 28th day of February, 1997, the order of the Court of Common Pleas of Philadelphia County, No. 9509–0019 September Term 1995, dated March 11, 1996, is hereby reversed only insofar as it disallows

the penalty abatement in this matter and the order is affirmed in all other respects.